UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| VINCENT FAVA,<br>　　Plaintiff,<br><br>　　v.<br><br>CITY OF WARWICK,<br>　　Defendant. | )<br>)<br>)<br>)<br>)　　C.A. No. 19-cv-582-JJM-PAS<br>)<br>)<br>)<br>) |

ORDER

Defendant City of Warwick seeks to enforce a settlement agreement it negotiated with the Plaintiff, Vincent Fava. ECF Nos. 54, 61. Mr. Fava objects. ECF No. 60. The Court held an evidentiary hearing on September 30, 2025. The Defendant called Mr. Fava's former counsel, and the Plaintiff called the Defendant's counsel. Based on all the undisputed evidence before the Court, the relevant facts are as follows.

After more than four years of litigation, and after the parties finished discovery, the Court conducted a mediation/settlement conference. Mr. Fava, a former employee of the Defendant City of Warwick, brought this case alleging disability discrimination and failure to accommodate. Plaintiff was represented by counsel at the mediation. Senior U.S. District Court Judge William E. Smith conducted the mediation.[1]

---

[1] Judge Smith was the presiding judge in this case, until his recusal when this dispute arose about the settlement he negotiated.

After about six hours, a settlement was reached between the parties. First, Judge Smith was brought into the room with Mr. Fava and his counsel where the counsel informed the judge, in front of Mr. Fava, that he agreed to the settlement. Then the judge brought all the parties and counsel together and announced the agreed upon terms of the settlement and all attorneys agreed.

The agreement required the City to pay Mr. Fava $100,000 as settlement for all his claims, conditioned on him being found eligible for a disability pension from the City of Warwick. He received his disability pension from the City, so the City was prepared to pay him the $100,000 to settle his discrimination claims pending in this Court and his outstanding workers' compensation claims.[2] Counsel for the Plaintiff and the Defendant acknowledged their agreement to those terms before Judge Smith and each other. Mr. Fava was present.

The City then prepared a written Settlement Memorandum (ECF No. 54-1), which captured the agreed-to settlement. The Memorandum sets forth all the elements of the settlement:

> SETTLEMENT MEMORANDUM OF UNDERSTANDING
> As a result of the settlement conference conducted on January 5, 2024, the parties have agreed to a conditional settlement on the following terms:
> 1. Plaintiff will notify the City of Warwick Personnel Department of his intention to seek a disability retirement and set forth the date on which he applied for Social Security Disability benefits;
> 2. If plaintiff is granted Social Security Disability benefits and a disability pension by the City of Warwick, then plaintiff agrees to accept the sum of $100,000.00 in full and final settlement of his claims against

---

[2] As is customary with settlements involving a City, the payment of $100,000 was conditioned upon it being approved by the Warwick City Council.

>   the City of Warwick. If Fava is denied Social Security Disability benefits or a disability pension by the City of Warwick, the settlement is void;
>
>   3. The payment of $100,000.00 in settlement of this matter must be approved by the Warwick City Council. If the settlement is not approved by the Warwick City Council, the settlement is void;
>
>   4. If the conditions set forth in paragraphs 2 and 3 are met, then plaintiff agrees to execute a release in a form to be agreed upon releasing all claims relating to his employment with the City of Warwick. The release will also require plaintiff to satisfy all liens from the settlement proceeds and indemnify and hold the City of Warwick harmless with respect to any liens.
>
>   5. If the conditions set forth in paragraphs 2 and 3 are met, plaintiff agrees to execute any documents necessary to immediately terminate his entitlement further to workers' compensation benefits as a result of his injury on August 16, 2019; and
>
>   6. If the conditions set forth in paragraphs 2 and 3 are met, plaintiff agrees to dismiss this action with prejudice, no interest, no costs or attorney's fees.

No. 54-1.

Plaintiff's counsel and Defendant's counsel testified that this Memorandum reflected the agreement reached and agreed to by counsel for all parties, as well as Mr. Fava. A minute entry was entered after the settlement conference that day, which stated that: "This case is stayed until further order of the court. So Ordered by District Judge William E. Smith on 1/5/2024." The parties acknowledge that the case was stayed because a settlement had been reached that had contingencies (which were timely met).

But days afterward, Plaintiff's counsel moved to withdraw. Plaintiff has refused to sign the written settlement agreement. Mr. Fava claims that the "settlement agreement was never executed and was based on several contingencies…." ECF No. 60 at 1. The problem with that argument is that it ignores the undisputed fact that all counsel and the Plaintiff agreed to all the terms of the

3

settlement, and that all the contingencies have been met. Therefore, the agreed-to settlement is enforceable.

"Settlement agreements enjoy great favor with the courts 'as a preferred alternative to costly, time-consuming litigation.'" *Fid. & Guar. Ins. Co. v. Star Equip. Corp.*, 541 F.3d 1, 5 (1st Cir. 2008) (quoting *Mathewson Corp. v. Allied Marine Indus., Inc.*, 827 F.2d 850, 852 (1st Cir. 1987)). "Thus, a party to a settlement agreement may seek to enforce the agreement's terms when the other party refuses to comply." *Id.* (*citing Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999)).

The Court GRANTS the Defendant's Motion to Enforce the Settlement. ECF No. 54. The Court ORDERS Mr. Fava to execute all documents necessary to effectuate the settlement.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 2, 2025